O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL AYAT MOHAMMED BEY, also known as Ronald B. Britt-Bey,<br><br>Petitioner,<br><br>vs.<br><br>RONALD GILBERT, COMMISSIONER AND ACTING JUDGE, et al.,<br><br>Defendants.. | Case No. CV 08-5698-PA (OP)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**I.**

**PROCEEDINGS**

On October 1, 2008, Abdul Ayat Mohammed Bey, also known as Ronald B. Britt-Bey ("Plaintiff"), filed a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983, after being granted leave to proceed in forma pauperis.

**II.**

**STANDARD OF REVIEW**

**A.   PLRA Screening.**

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the Complaint prior to ordering service for the purpose of determining whether the action is frivolous or malicious; fails to state a

claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Since Plaintiff is appearing pro se, the Court must construe the allegations of the pleading liberally and must afford Plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to a plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

With respect to Plaintiff's pleading burden, the Supreme Court recently held that while a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . ." Bell Atlantic Corp. v. Twombly, — U.S. —, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citations and footnote omitted), abrogating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (dismissal under Rule 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.") The Bell Atlantic Court further explained in a footnote:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," Rule 8(a)(2) still requires a "showing," rather

>than a blanket assertion, of entitlement to relief. Without some factual
>allegation in the complaint, it is hard to see how a claimant could satisfy
>the requirement of providing not only "fair notice" of the nature of the
>claim, but also "grounds" on which the claim rests.

Id. at 1965 n.3 (citations omitted).

**B.     Leave to Amend.**

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

### III.

### SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff has filed a Civil Rights Complaint against Defendants San Bernardino County Superior Court Commissioner Ronald Gilbert, the San Bernardino County Superior Court, Manager of Certified Self Storage Kimie Lee Kasner, and several unnamed police officers. (Compl. at 1.) From what the Court can gather from the Complaint, Plaintiff was a defendant in a state criminal case involving the theft of personal items from a storage facility. Defendant Gilbert was the presiding commissioner in the case. (Id. at 1-5.) Plaintiff alleges violations of the Fourth, Fifth, and Sixth Amendments. (Id. at 2.) Plaintiff seeks monetary damages as well as injunctive relief. (Id. at 14-15.) Plaintiff sues all Defendants in their individual and

official capacities. (Id. at 1.)

## IV.

## DISCUSSION

**A.    The Complaint Is Subject to Dismissal Based on Judicial Immunity.**

Absolute immunity forecloses claims based on a judge's actions conducted while in his judicial capacity. Mireles v. Waco, 502 U.S. 9, 11, 112 S.Ct. 286, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") From what the Court can gather from the Complaint, Plaintiff was a defendant in a state criminal case involving the theft of personal items from a storage facility. Defendant Gilbert was the presiding judicial officer in the case. (Compl. at 7-9.) Since the allegations are based on the actions that took place while Commissioner Gilbert was acting in his judicial capacity, the claim is subject to dismissal regardless of the remedy sought.

**B.    The Complaint Fails to State a Claim for Relief Against Defendant Kasner.**

In order to state a claim for relief in a § 1983 action, a plaintiff must plead that (1) the defendants acted under color of state law; and (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986); see also West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); Sanchez v. City of Santa Ana, 936 F.2d 1027, 1038 (9th Cir. 1991). Section 1983 does not provide a cause of action for violations of state law. See Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001); Sweaney v. Ada County, 119 F.3d 1385, 1391 (9th Cir. 1997); Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996). However, where a violation of state law is also a violation of a constitutional right, § 1983 does provide a cause of action. See Lovell, 90 F.3d at 370.

A defendant has acted under color of state law where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West, 487 U.S. at 49; see also

Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997); Vang v. Xiong, 944 F.2d 476, 479 (9th Cir. 1991).  The Supreme Court has articulated four distinct tests for determining when the actions of a private individual amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test.  Collins v. Womancare, 878 F.2d 1145, 1148-49 (9th Cir. 1989); see also George v. Pacific-CSC Work Furlough, 91 F.3d 1227, 1231 (9th Cir.1996).

Plaintiff has named Kimie Lee Kasner, the manager of a self storage facility as a Defendant. (Compl. at 1.)  However, the Complaint fails to allege any facts upon which Defendant Kasner can be deemed a state actor for purposes of a § 1983 action, Thus, the Complaint is subject to dismissal for failure to state a claim upon which relief can be granted against Defendant Kasner.

**C.     The Complaint Is Subject to Dismissal for Failure to Comply with Rule 8 of the Federal Rules of Civil Procedure.**

Rule 8 of the Federal Rules of Civil Procedure provides that: "[a] pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief,. . ."  Fed. R. Civ. P. 8(a).  Rule 8 further provides that: "[e]ach averment of a pleading shall be simple, concise, and direct. . ."  Fed. R. Civ. P. 8(e)(1).  A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s "short and plain statement" requirement.  See Vakalis v. Shawmut Corp., 925 F.2d 34, 36 (1st Cir. 1991); Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1988).

From what the Court can gather from the Complaint, Plaintiff was a defendant in a state criminal case involving the theft of personal items from a storage facility. Defendant Gilbert was the presiding judicial officer in the case.  (Compl. at 7-9.)  The rest of the Complaint is rambling in nature and extremely difficult to comprehend.  As

1 a result, it is difficult to determine what specific claims are being alleged against each
2 Defendant and what specific facts support each claim. As a result, the Complaint fails
3 to comply with the requirements of Rule 8 and is subject to dismissal.

## V.

## **ORDER**

6 Based on the foregoing, the Complaint is dismissed with leave to amend. See
7 Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant
8 must be given leave to amend his complaint unless it is absolutely clear that the
9 deficiencies of the complaint cannot be cured by amendment).

10 If Plaintiff still wishes to pursue this action, he shall have thirty (30) days from
11 the date of this Order within which to file a First Amended Complaint, attempting to
12 cure the defects in the original Complaint. The First Amended Complaint shall be
13 complete in itself and must remedy the deficiencies discussed. Plaintiff may not use
14 "et al." in the caption but must name each defendant against whom claims are stated.
15 Furthermore, Plaintiff must use the blank Central District civil rights complaint form
16 accompanying this order, must sign and date the form, must completely and accurately
17 fill out the form, and must use the space provided in the form to set forth all of the
18 claims that he wishes to assert in his First Amended Complaint. The Clerk is directed
19 to provide Plaintiff with a blank Central District civil rights complaint form. The First
20 Amended Complaint shall not refer to the original Complaint.
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 Failure to comply with these requirements may result in the dismissal of this

action for failure to prosecute and/or failure to comply with a court order. Failure to remedy the deficiencies discussed may also result in a recommendation that the action be dismissed.

**IT IS SO ORDERED.**

DATED:  October 15, 2008

                                                                      /s/ _____
HONORABLE OSWALD PARADA
United States Magistrate Judge